```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| JIMMY BOLDEN, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO.: 17-00177-CG-B |
| | * |
| JEFFERSON S. DUNN, *et al.*, | * |
| | * |
|     Defendants. | * |

### REPORT AND RECOMMENDATION

Plaintiff Jimmy Bolden, an Alabama prison inmate, filed a complaint in the Middle District of Alabama seeking relief under 42 U.S.C. § 1983. (Doc. 6-1). The case was transferred to this Court and referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(R) for appropriate action. (Doc. 6). The action is now before the Court due to Plaintiff's failure to comply with orders of this Court.

Following the transfer of this case, Bolden sought to supplement his complaint. (Doc. 7). In an order dated June 29, 2017 (doc. 9), Bolden was directed to re-file his complaint on the prisoner complaint form required by this Court, and was provided specific filing instructions. (Id.). Bolden's new complaint was to be filed no later than July 28, 2017, and he was expressly cautioned that failure to comply with the Court's directives could result in the dismissal of

his complaint. (Id.). Bolden was also provided with a copy of the Court's form for prisoner 1983 complaints. (Id.). Rather than complying with the Court's order dated June 29, 2017, Bolden instead filed a motion styled "Motion to Enter Order For Civil Rights 42 U.S.C. § 1983". (Doc. 10). In an order dated August 21, 2017 (doc. 13), the Court construed Bolden's motion as a request for an investigation by the Court, and for an order requiring the Defendants to answer Plaintiff's complaint. (Id.). The motion was denied because it did not comply with the Court's order dated June 29, 2017. (Id.). The Court once again directed Bolden to refile his complaint on the form required by this Court no later than September 22, 2017. (Id.). Bolden was again provided with a copy of the Court's form for prisoner 1983 complaints, and was cautioned that failure to timely comply with the Court's order would result in the dismissal of this case for failure to adhere to orders of the Court. (Id.)

To date, Bolden has not complied with the Court's orders, nor has his copy of the orders been returned to the Court. Due to his repeated failure to comply with orders of this Court, and prosecute this action (docs. 9, 13), and upon consideration of the alternatives available to the Court, it is recommended that this action be **dismissed** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)

(interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F. 2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P. 72(b)**; S.D. ALA. GenLR 72(c). The parties should note that under

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **October, 2017.**

/S/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**